**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JOEL R. STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-30 (JLH) |
| | ) |
| OFFICER CRUZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Joel R. Stevenson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Lorin Huerta, Esq. and Nicholas D. Picollelli, Jr., Esq., Delaware Department of Justice, Wilmington, Delaware.  Counsel for Defendant Cruz.

September 13, 2024
Wilmington, Delaware

**HALL, U.S. District Judge:**

I. **INTRODUCTION**

On January 6, 2022, Plaintiff Joel R. Stevenson, an inmate confined at the James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, initiated this *pro se* action under 42 U.S.C. § 1983. Before the Court is a motion for summary judgment filed by Defendant Officer Cruz (D.I. 26) and a motion for discovery filed by Plaintiff (D.I. 29). The matter was reassigned to me on January 12, 2024, and I now resolve the motions as set forth below.

II. **BACKGROUND**

Plaintiff filed his Complaint on January 6, 2022. (D.I. 1.) In the Complaint, he alleged that Defendant Cruz broke Plaintiff's left shoulder. Plaintiff alleged that the incident occurred in the JTVCC Personal Close Observation (PCO) Infirmary. Plaintiff alleged that he "do[es] not know the date" on which the incident occurred, but that it happened "[a] week or so before the first x-ray." (*Id.*)

The Court entered a scheduling order setting a January 12, 2024 deadline for the completion of fact discovery and a February 12, 2024 deadline for summary judgment motions.

On February 12, 2024, Defendant filed for summary judgment. (D.I. 26.) Defendant's motion was accompanied by a sworn declaration from JTVCC Warden Robert May, attesting that the alleged incident described in Plaintiff's Complaint could have occurred, at the latest, on November 13, 2019, as that was the last date on which Plaintiff was in PCO.[1] (D.I. 27-1.) Defendant argues that summary judgment should be granted for multiple reasons, including because Plaintiff's claim is untimely under the applicable statute of limitations.

---

[1] The declaration further states that no one named Officer Cruz worked at JTVCC at any time that Plaintiff was in PCO. (*Id.*)

1

Plaintiff did not file a response to the motion for summary judgment. Plaintiff did file a motion for discovery.[2] (D.I. 29.) Plaintiff filed his motion for discovery approximately 2 months after the deadline for fact discovery. The motion is lengthy, but it does not explain how further discovery would help Plaintiff demonstrate that the alleged incident occurred within the limitations period. To the contrary, Plaintiff's motion expressly states that he was in PCO "between 2018 and 2019." (*Id.* at 12.)

### III.  LEGAL STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### IV.  DISCUSSION

Claims brought under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the suit is brought. *See O'Connor v. City of Newark*, 440 F.3d 125, 126–27 (3d Cir. 2006). In Delaware, the statute of limitations for personal injury claims is two years from the date the cause of action accrued. *See* 10 Del. C. § 8119; *Smith v. Delaware*, 236 F. Supp. 3d 882, 888 (D. Del. 2017) (citations omitted). Accrual of a cause of action under § 1983 begins when a plaintiff "knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

There is no genuine issue of material fact that the alleged incident must have occurred before November 13, 2019, the most recent date Plaintiff that was in PCO. Plaintiff filed his

---

[2] Plaintiff captioned his motion with the case numbers for three cases he filed in this Court. The Court has since granted summary judgment against Plaintiff in one case (No. 21-1611); the other case is still live, but there is a pending motion to dismiss for failure to prosecute (No. 22-31).

2

complaint more than two years later.  Plaintiff's complaint is barred by the statute of limitations and Defendant is therefore entitled to summary judgment.

## V.  CONCLUSION

For the above reasons, Defendant's motion for summary judgment (D.I. 26) is GRANTED. Plaintiff's motion for discovery (D.I. 29) is DENIED.  An appropriate Order will be entered.